IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00551-GPG
(Removal of Case No. 13CR1106, Weld County, Colorado, District Court)

[NO NAMED PLAINTIFF],

    Plaintiff,

V.

TRAVIS HODSON,

Defendant.

---

## ORDER FOR SUMMARY REMAND

    Defendant Travis Hodson has filed *pro se* a Notice of Removal in which he states that Case No. 13CR1106, a pending criminal case in Weld County District Court, should be removed to this Court because (1) the case is only being prosecuted in an effort to "bedevil" him; and (2) the court is causing unnecessary delay by ordering subsequent evaluations concerning his competency. ECF No. 1 at 1. Defendant contends that this case has "factual contentions and evidentiary support which is [sic] grounds for removal from the jurisdiction." *Id.* at 1-2. Defendant further asserts that the state court has violated his Sixth and Fourteenth Amendments.

    The Court must construe the Notice of Removal liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an

advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be remanded to the Weld County, Colorado, District Court.

First, 28 U.S.C. § 1455(a) provides that a defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal."  Defendant fails to provide a short and plain statement of the grounds for removal of the state criminal case, No. 13CR1106, and he fails to demonstrate that any criminal prosecution currently is pending against him that may be removed.  Even construing the notice of removal liberally and assuming the existence of an active criminal prosecution in the removed case, the Court is unable to ascertain any legitimate basis for removal of the case under the relevant statutes.

Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Defendant makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces.  The Court also finds there is no basis for removal pursuant to § 1443, which authorizes removal of certain civil rights cases.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' "  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against

racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Defendant does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' " *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Defendant does not provide the Court with specific factual allegations regarding any inability to enforce his constitutional rights in the state court proceedings. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Defendant does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1455(b)(4).   Accordingly, it is

ORDERED that Case No. 13CR1106 is remanded summarily to the Weld County District Court.   It is

FURTHER ORDERED that the Clerk of this Court is directed to mail a certified copy of this Order to the Clerk of the Weld County District Court, 915 10th Street, P.O. Box 2038 (80632),Greeley, CO 80631.

DATED at Denver, Colorado, this 9th day of   March, 2016.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, Senior Judge
                                        United States District Court